# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Respondent*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50008 |
| | ) | |
| Timothy C. Lee, | ) | |
| | ) | |
|     *Movant*. | ) | Judge Frederick J. Kapala |

## ORDER

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [1] is dismissed. No certificate of appealability shall issue from this court. This case is closed.

## STATEMENT

    This matter comes before the court for preliminary review of Timothy C. Lee's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on January 5, 2015. On February 18, 2011, Lee pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The court sentenced Lee to a term of 110 months' imprisonment on May 23, 2011, after applying a four-level upward adjustment under U.S.S.G. § 2K2.1(b)(6)(B) because Lee possessed the gun "in connection with" another felony offense, aggravated battery. This court entered judgment on June 7, 2011. See United States v. Lee, No. 10 CR 50042 (N.D. Ill. 2010).

    On March 30, 2012, the Seventh Circuit granted Lee's appointed counsel's Anders motion and dismissed Lee's direct appeal. United States v. Lee, 467 F. App'x 502 (7th Cir. 2012). Lee did not file a petition for a writ of certiorari to the United States Supreme Court. More than two and a half years later, Lee filed the instant § 2255 motion maintaining that (1) he is eligible for a sentence reduction of 4 levels due to Amendment 784 to the United States Sentencing Guidelines, and (2) an ex post facto violation may have occurred in violation of Peugh v. United States, 569 U.S. ___, 133 S. Ct. 2072 (2013).

    Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct a preliminary review of § 2255 motions. The rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Lee's § 2255 motion is untimely on its face and in any event Lee is not entitled to relief and therefore his motion does not withstand Rule 4(b) review. Section 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant ostensibly maintains that his § 2255 motion is timely pursuant to § 2255(f)(4) because it was filed within one year of the effective date of Amendment 784 and within one year of Peugh. This is incorrect. The motion was not filed within one year of Peugh which was decided on June 10, 2013. In addition, neither Amendment 784 nor Peugh have been made retroactively applicable to cases on collateral review. See U.S.S.G. § 1B1.10(d) (listing covered amendments); Hawkins v. United States, 724 F.3d 915, 917 (7th Cir. 2013) (concluding that Peugh does not apply retroactively for purposes of collateral review).

In any event, even if the motion were timely Lee's contentions lack merit because Amendment 784 changed the cross reference provided in § 2K2.1(c)(1), not the 4-level enhancement under § 2k2.1(b)(6) which was applied in his case. The cross reference was not applied in sentencing Lee, and therefore Amendment 784 has no impact on his sentence. As for Lee's Peugh argument, even if the court utilized the guidelines applicable at the time of Lee's offense, as opposed to the guidelines applicable at the time of his sentencing hearing, the advisory guidelines range would have been the same, and therefore there was no ex post facto violation.

For these reasons, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court finds that Lee's § 2255 motion is both untimely and lacks merit. Accordingly, the motion is dismissed. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A movant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation marks omitted). Consistent with the above analysis, the court finds that no reasonable jurists would differ on this court's disposition of Lee's § 2255 motion. Therefore, the court declines to issue a certificate of appealability.

Date: 2/2/2015

ENTER:

_____
FREDERICK J. KAPALA

District Judge

2